UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HILBILL PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV01663 ERW |
| | ) | |
| | ) | |
| JACOBSON COMPANIES d/b/a, | ) | |
| JACOBSON LOGISTICS COMPANY, LC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Motion of Jacobson Logistics Company, LC for

Dismissal and Other Relief Pursuant to FRCP 10(b), 12(b)(6), and 12(e)" [ECF No. 9].

## I.     BACKGROUND

On or around July 1, 2000, Hilbill Properties, LLC ("Hilbill"), a Missouri Limited

Liability Company, entered into three lease agreements (collectively, "Leases") for portions of its

property located at 7140 North Broadway, St. Louis, MO 63147 ("Property") [ECF No. 2].  The

lessees of the Property were related companies Arthur Wells, Inc.; National Logistics, Inc.; and

Warehouse Specialists, Inc. (collectively, "Original Lessees").  Each of the Original Lessees

individually signed one of the Leases.  The Leases had substantially the same terms, with the

exception that rental amounts and the square footage covered under each lease differed [ECF

Nos. 2-1 at 1-4, 2-2 at 1-4, 2-3 at 1-4].  The Leases required Original Lessees to maintain and

repair their respective portions of the Property, and to present the Property to Hilbill in a

condition similar to its condition when the Leases began.  The Leases also required the Original

Lessees to pay, in addition to rent, operating expenses, real estate taxes, and utilities for the

Property for each month of the lease.

After the Leases were signed, three amendments were made to the Leases [ECF Nos. 2-1 at 5-8; 2-2 at 5-8; 2-3 at 5-8].  These amendments also contained substantially the same terms for each of the Leases.  The first amendment to the Leases, made on November 12, 2004, extended the lease term and modified maintenance allocations between Hilbill and the Original Lessees.  The second amendment, made on June 15, 2005, linked the termination date of each lease to the end of a sublease agreement, between Original Lessee Warehouse Specialists, Inc. and Prestige Brands, concerning leased warehouse space at the Property.  The third amendment, made on February 22, 2008, required Original Lessees to name Hilbill as a named insured on their insurance policies.

Subsequently, Jacobson Logistics Company, LC ("Jacobson"), an Iowa Corporation, allegedly came to own or control each of the Original Lessees.  It is unclear when exactly this took place, but from 2006, Jacobson had taken over at least some portion of the Property [ECF Nos. 2-6 at 4; 12-1 at 2].

On or about August 31, 2012, Prestige Brands terminated its sublease with Warehouse Specialists, Inc., and vacated the Property after providing more than thirty days notice, consequently triggering termination of the Leases.  After earlier attempts at communication apparently failed, Hilbill demanded, but did not receive, payment of the rent, operating expenses, real estate taxes, and utilities for the month of September, 2012 from Jacobson [ECF No. 2-6]. In its communication to Jacobson, Hilbill stated the Leases would terminate on September 30, 2012, based on the language of the second amendment to Leases , which provided the leases would end thirty (30) days after "Prestige Brands vacate[d] its space prior to the end of its contract" [ECF Nos. 2-1 at 6; 2-2 at  6, 2-3 at 6].  Jacobson, in its reply to Hilbill's demand letter, stated that it considered the Leases to be terminated as of August 31, 2012, as the Leases were

month-to-month because they had not actually been renewed in several years, and Jacobson had

notified Hilbill thirty days in advance that it would be vacating the Property on August 31, 2012

[ECF Nos. 2-6 at 4; 12-1 at 2].

Hilbill also requested to meet with an authorized Jacobson representative for an

inspection of the property to determine what repairs would be required, and formally demanded a

list of contractors Jacobson had already engaged to make repairs to the Property.  Jacobson

replied that it had made a number of repairs to the Property and was in the process of completing

others, that it had been in contact with Hilbill regarding the repairs to be made and that it

considered these actions to fulfil its obligations under the Leases.  Although it is unclear exactly

how events unfolded from this point, Jacobson, to date, has not paid Hilbill the rent and other

expenses for the month of September 2012.  Hilbill ultimately paid for several repairs to the

Property, totaling approximately $120,000, and has not received compensation for these repairs

from Jacobson.

On July 31, 2013, Hilbill filed suit for breach of lease against Jacobson, requesting an

award of rent and other expenses for the month of September, 2012, as well as an award for the

cost of repairs which it made to the Property.  On August 23, 2013 Jacobson removed the matter

to federal court, based on diversity jurisdiction.

## II.    LEGAL STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a

plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2).  In order to meet this standard and to survive a motion to dismiss,

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and

citation omitted).  This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cole v. Homier Distrib. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted).  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility,'" it is not a "probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," *id.* (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted), provided that the complaint contains sufficient facts to  "give the defendant fair notice of what

4

the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## III.   DISCUSSION

In its motion to dismiss, Jacobson argues that Hilbill's claims must be dismissed because

Hilbill's Complaint [ECF No. 2] fails to state a valid claim under Federal Rule of Civil

Procedure 12(b)(6) [ECF No. 9].  Jacobson contends the Complaint omits any facts to support its

claim that Jacobson is the successor in interest of the Original Lessees [ECF No. 10].  Jacobson

also argues that Hilbill's Complaint fails to meet the standard of Federal Rule of Civil Procedure

10(b), which requires claims based on separate transactions to be stated in separate counts when

doing so would promote clarity.  Jacobson asserts the Complaint violates Rule 10(b) because it

fails to state in separate counts the claims arising from the individual leases, and Jacobson

requests dismissal on this ground.  Alternatively, Jacobson asks that Hilbill be required to submit

a more definite statement of its claim, separating the breaches and damages by the specific

original lease under which they occurred under Federal Rule of Civil Procedure 12(e).  In its

memorandum in opposition to Jacobson's motion to dismiss, Hilbill requests that the motion be

denied as frivolous and that sanctions be imposed on Jacobson [ECF No. 11].

### A. Failure to State a Claim upon which Relief can be Granted

Jacobson argues that Hilbill's Complaint should be dismissed, as it fails to state a claim

for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Specifically,

Jacobson argues Hilbill's Complaint fails to state any facts in support of its conclusory statement

that Jacobson was the successor in interest of the Original Lessees.  In evaluating whether

Hilbill's Complaint contains sufficient facts to survive a motion to dismiss, "materials attached

to the complaint as exhibits may be considered in construing the sufficiency of the complaint."

*Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (quoting *Morton v. Becker*, 793 F.2d

185, 187 (8th Circ. 1986)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is

an exhibit to a pleading is a part of the pleading for all purposes.").

      In Hilbill's demand letter, which will be treated as part of Hilbill's Complaint as it was

incorporated therein by reference, Hilbill states that the Original Lessees are each "owned or

otherwise controlled by Jacobson" [ECF No. 2-6 at 1].  This assertion is not contested in

Jacobson's reply letter [ECF No. 2-6 at 4-5; 12-1 at 2-3], which is also incorporated in the

Complaint by reference, and must be viewed in the light most favorable to Hilbill.  *See Carton v.*

*Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Circ. 2010) (in reviewing a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint is viewed in the light most

favorable to the nonmoving party).  Furthermore, Jacobson's reply also indicates that "Jacobson

took over the space in 2006," and that "Jacobson will comply with *its repair obligations as*

*required by the expired Leases*" (emphasis added) [ECF Nos. 2-6 at 4; 12-1 at 2].  The reply also

states that "*the Leases do require Jacobson* to 'present the leased facility in a similar manner to

that when it originally began the lease'"(emphasis added) [ECF Nos. 2-6 at 5; 12-1 at 3], a

statement that appears to be a quotation of Article II of the Leases.  While these pleaded facts

may not directly show a transfer of assets, or identify an exception that would give rise to

successor liability, they do provide sufficient facts to "raise a reasonable expectation that

discovery will reveal evidence of [the claim]"; in this case, evidence that Jacobson is obligated

by the terms of the Original Leases.  *Twombly*, 550 U.S. at 556; *see also Perrin v. Papa John's*

*Int'l, Inc.*, 818 F. Supp. 2d 1146, 1148 (E.D. Mo. 2011) ("Although a complaint need not contain

'detailed factual allegations,' it must contain facts with enough specificity to 'raise a right to

relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).

When considering, as a whole, the information in Hilbill's Complaint, including the documents incorporated as exhibits, in the light most favorable to Hilbill, the Court finds there are sufficient facts in the pleadings to make Jacobson's liability based on the Leases plausible. Accordingly, the Court will deny Jacobson's motion for dismissal under Rule 12(b)(6).

**B. Failure to State Claims Founded on Separate Transactions in Separate Counts**

Jacobson contends that Hilbill's Complaint does not specify which breaches occurred under which of the Leases and states only the aggregate damages under the Leases.  As such, Jacobson claims the Complaint violates Federal Rule of Civil Procedure 10(b), which requires parties to state claims founded on separate transactions in separate counts if doing so would promote clarity, and Jacobson requests dismissal on this ground.  In the alternative, Jacobson asks for relief under Federal Rule of Civil Procedure 12(e), which allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Jacobson argues that, without knowing to which individual leases the particular breaches and damages relate, it cannot effectively respond to Hilbill's allegations, should it be determined Jacobson is not the successor to all of the Leases.

Hilbill's response focuses on the adequacy of the facts contained in its pleading to state a cause of action, rather than the clarity of its Complaint, which is called into question by Jacobson's motion under Rules 10(b) and 12(e).

In its Complaint, Hilbill identifies the Property at issue, the Leases, the Original Lessees, the alleged relationship between Jacobson and the Original Lessees and the alleged breaches and damages arising under the Leases collectively. This information would be sufficient for Jacobson to prepare a response on the issue of successor liability, as it is clear the Complaint alleges Jacobson to be the successor to each of the Original Lessees. Disputing that allegation would

7

require no more than a denial of successor liability with regards to any of the Original Lessees. The Complaint also provides sufficient information to identify the portion of the damages attributable to rent for the month of September 2012 for each of the Leases. The monthly rent amount for each lease is indicated in the Leases, which were incorporated into Hilbill's Complaint, and could be identified, and contested, by consulting the documents included in the Complaint.  However, this should not be necessary to determine the rent claimed as damages under each individual lease.

Nevertheless, Hilbill's failure to state in separate counts the breaches and damages under each lease makes it impossible to identify the breaches and damages as they relate to the repairs to the Property, operating expenses, real estate taxes, and utilities specific to the individual leases. This ambiguity could be removed, and clarity would certainly be promoted, by stating in separate counts the breaches and damages under each lease. As each lease is a separate transaction, Hilbill's Complaint fails to meet the requirement of Rule 10(b) that "If doing so would promote clarity, each claim founded on a separate transaction . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). The issue  remaining is the appropriate remedy for this defect in Hilbill's Complaint.

In support of its argument for dismissal, Jacobson points to several cases where courts have dismissed complaints for failure to satisfy the requirements of Rule 10(b). Each of these cases, however, presents a very different factual situation from the present case.

In the first of Jacobson's cited cases, *Ehlers Const., Inc. v. Timbers of Shorewood, L.P.*, Nos . 03-6966, 03-6969, 2004 WL 816748 *3-4 (N.D. Ill. March 11, 2004), the plaintiff's complaint claimed in a single count that defendant had breached an undefined "agreement" between plaintiff and defendant.  In dismissing the count under Fed. R. Civ. P. 10(b), the court

noted there were eight subcontracts and twenty-five change orders between the plaintiff and the defendant that may have constituted the agreement, but no specifics were given by the plaintiff as to which of the contracts were breached, or what damages were attributable to any individual contract. *Id.* In contrast, Hilbill's claims are all related to the substantially similar Leases, which all concern the Property and are signed by the Original Lessees who are all allegedly owned or controlled by Jacobson. Hilbill claims that all of the Leases were breached by Jacobson's failure to pay rent and other expenses for September 2012, and failure to make repairs to the Property required under the Leases. While Hilbill's Complaint lacks clarity as to the specifics of the breaches and damages related to each lease, it does not rise to the level seen in *Ehlers* that would justify dismissal at this stage.

The second case cited by Jacobson, *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 Fed. Appx. 899, 907 (11th Cir. 2013), involved a situation where a single count contained two distinct claims, one for civil conspiracy and the other for the underlying civil wrong. In *Marlborough*, the Court determined the plaintiff violated federal pleading standards, because the plaintiff lumped the two distinct claims into a single undifferentiated count. *Id.* The Marlborough Holdings Group situation is unlike that before this Court, where the only claim being advanced is for the breach of the Leases, making this case distinct from the situation in *Marlborough*.

In the third case, *Shonk v. Fountain Power Boats*, 338 Fed. Appx., 282, 284 (4th Cir. 2009), the plaintiff's complaint attempted to state claims against multiple defendants, without utilizing separate counts for each defendant. As all claims here are made against Jacobson, *Shonk* also does not directly support Jacobson's position.

While Hilbill's Complaint does undoubtedly lack some clarity due to its aggregation of damages under the Leases, and specifying which breaches and damages occurred under each lease would promote clarity, its failings do not to rise to the level seen in the cases cited by Jacobson, such as might warrant dismissal.  "[P]leading rules favor decisions on the merits rather than technicalities . . . and . . .  leave to amend pleadings should be freely given[ ]"; accordingly, the Court determines Hilbill should be granted an opportunity to file an amended complaint that meets the requirements of Rule 10(b) by stating its claims related to the individual leases in separate counts.  *Stanard v. Nygren*, 658 F.3d 792, 800-01 (7th Circ. 2011).

Jacobson's motion for dismissal will be denied.  However, its motion for a more definite statement will be granted, with regards to the separation of breaches and damages occurring under each lease agreement.  In particular, the breaches and damages for rent, repair costs, operating expenses, real estate taxes, utilities and any other damages occurring under each lease should be specified in the amended complaint.

### C. Hilbill's Request for Sanctions

Hilbill asks that the Court impose sanctions on Jacobson for its "specious and frivolous" motion to dismiss [ECF No. 11 at 5-7].  However, as pointed out in Jacobson's  brief, a party requesting sanctions under Federal Rule of Civil Procedure 11(c) must file a separate motion. Additionally, Hilbill's Complaint did suffer several defects in the specificity of pleading breaches and damages.  Consequently, sanctions would not be appropriate.

## IV.    CONCLUSION

Hilbill's Complaint, including the exhibits attached, contains sufficient facts in support of its statement that Jacobson is the successor in interest of the Original Lessees to make Jacobson's liability under the Leases plausible. However, Hilbill's failure to specify and to state in separate

counts the damages arising under each individual lease violates Fed. R. Civ. P. 10(b)'s requirement that claims based on separate transactions be stated in separate counts when doing so would promote clarity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jacobson's Motion to Dismiss [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Jacobson's Motion for a More Definite Statement is **GRANTED**. Hilbill's amended complaint, to be filed in twenty (20) days,  shall state in separate counts the breaches and damages occurring under each individual lease.

Dated this  29th   day of October, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE