UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILBILL PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV01663 ERW |
| ) | |
| JACOBSEN COMPANIES, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiff's Motion to Compel Responses to its First Request for Production of Documents from Defendant" [ECF No. 38].

On or around July 1, 2000, Hilbill Properties, LLC ("Hilbill"), a Missouri Limited Liability Company, entered into three lease agreements (collectively, "Leases") for portions of its property located at 7140 North Broadway, St. Louis, MO 63147 ("Property"). The lessees of the Property were related companies Arthur Wells, Inc. ("AWI"); National Logistics, Inc. ("NLI"); and Warehouse Specialists, Inc. ("WSI") (collectively, "Original Lessees"). Each of the Original Lessees individually signed one of the Leases. The Leases had substantially the same terms, with the exception that rental amounts and the square footage covered under each lease differed. The Leases required Original Lessees to maintain and repair their respective portions of the Property, and to present the Property to Hilbill in a condition similar to its condition when the Leases began. The Leases also required the Original Lessees to pay, in addition to rent, operating expenses, real estate taxes, and utilities for the Property for each month of the lease.

1

Subsequently, Jacobson Logistics Company, LC ("Jacobson"), an Iowa Corporation, allegedly came to own or control each of the Original Lessees. It is unclear when exactly this took place, but from 2006, Jacobson had taken over at least some portion of the Property.

On or about August 31, 2012, Prestige Brands terminated its sublease with WSI, and vacated the Property after providing more than thirty days' notice, consequently triggering termination of the Leases. After earlier attempts at communication apparently failed, Hilbill demanded, but did not receive, payment of the rent, operating expenses, real estate taxes, and utilities for the month of September, 2012, from Jacobson [ECF No. 2-6]. In its communication to Jacobson, Hilbill stated the Leases would terminate on September 30, 2012, based on the language of the second amendment to Leases, which provided the leases would end thirty (30) days after "Prestige Brands vacate[d] its space prior to the end of its contract." Jacobson, in its reply to Hilbill's demand letter, stated that it considered the Leases to be terminated as of August 31, 2012, as the Leases were month-to-month because they had not actually been renewed in several years, and Jacobson had notified Hilbill thirty days in advance that it would be vacating the Property on August 31, 2012.

Hilbill also requested to meet with an authorized Jacobson representative for an inspection of the property to determine what repairs would be required, and formally demanded a list of contractors Jacobson had already engaged to make repairs to the Property. Jacobson replied that it had made a number of repairs to the Property and was in the process of completing others, that it had been in contact with Hilbill regarding the repairs to be made, and that it considered these actions to fulfill its obligations under the Leases. Although it is unclear exactly how events unfolded from this point, Jacobson, to date, has not paid Hilbill the rent and other

expenses for the month of September 2012. Hilbill ultimately paid for several repairs to the Property, totaling approximately $120,000, and has not received compensation for these repairs from Jacobson.

On July 31, 2013, Hilbill filed suit against Jacobsen for breach of lease, requesting an award of rent and other expenses for the month of September, 2012, as well as an award for the cost of repairs which Hilbill made to the Property. On August 23, 2013, Jacobson removed the matter to federal court, based on diversity jurisdiction. The current Case Management Order ("CMO") required the parties to disclose information and exchange documents, pursuant to Federal Rule of Civil Procedure 26(a)(1), no later than March 10, 2014 [ECF No. 29]. The CMO further states discovery shall be completed no later than October 20, 2014.

On May 20, 2014, Hilbill made its First Request for Production of Documents Directed to Defendant [ECF No. 38 at 4-12]. Among other things, Hilbill requested every document relied on by Jacobsen in answering Plaintiff's First Set of Interrogatories; every written communication by or between Jacobsen and Hilbill concerning the three leases and their amendments; every document relating to or constituting evidence of the "millions of dollars in repairs" Jacobsen claimed it made to the Property, in a letter dated September 20, 2012; every document relating to or constituting evidence of "repairs" Jacobsen claimed it made, in a letter dated September 28, 2012; documents concerning repairs for various fixtures, systems, equipment, and structures; documents Jacobsen believes support its contention that Jacobsen is not the successor in interest to the Original Lessees; documents Jacobsen believes support its Second and Third Affirmative Defenses to Hilbill's First Amended Complaint; documents relating to the allocations of costs, expense, and taxes in accordance with the Leases; and every document by or between Hilbill and

3

the Original Lessees, regarding the Property or Leases.

Jacobsen responded with Defendant's Objections to Plaintiff's First Request for Production of Documents on June 23, 2014 [ECF No. 38 at 17-22]. Jacobsen objected to every request on the basis of relevance and overbreadth. Jacobsen further objected that, as to some of the requests, the terms "Lease" and "Property" were not defined, or the request was not limited in time.

In its "Motion to Compel Responses to its First Request for Production of Documents from Defendant," Hilbill states it has attempted to address Jacobsen's failure to respond, and to coordinate mediation in accordance with the Court's CMO. Hilbill reports making numerous efforts, via email, regular mail, telephone calls, and voice mail messages, in attempt to confer with Jacobsen regarding discovery and mediation, but receiving no response to these communications from Jacobsen [ECF No. 38]. In support of its Motion to Compel, Hilbill submits copies of various communications it sent to Jacobsen in efforts to address Jacobsen's lack of response to its production requests, and to coordinate mediation. Hilbill contends Jacobsen has made no effort to find responsive documents, and has not invited Hilbill to search Jacobsen documents at Jacobsen's place of business, to identify documents that would be responsive to Hilbill's requests.

Hilbill asserts its production requests are narrowly tailored and targeted to the documents relevant to the specific claims and defenses asserted by Jacobsen [ECF No. 39]. Hilbill argues these documents are related to Jacobsen's positions and defenses, and says Jacobsen has refused to produce a single document, even though the documents called for are clearly relevant and discoverable. Hilbill asks the Court to compel Jacobsen to respond without objection, and to

4

award Hilbill the costs and fees incurred in attempting to secure Jacobsen's productions.

In its Response, Jacobsen claims Hilbill's requests seek to impose on Jacobsen an enormous burden to search for large quantities of irrelevant documents [ECF No. 40]. Jacobsen claims Hilbill did not serve it with any interrogatories, and Jacobsen contends what repairs it made during the term of the lease is irrelevant to the matter at hand. According to Jacobsen, the only relevant repairs are those identified in the Repair Exhibits. Jacobsen argues documents related to repairs discussed in letters it sent to Hilbill's attorney are irrelevant, as those repairs are not in the Repair Exhibits. Jacobsen, however, withdraws its objections regarding the requests, contained in paragraphs 8 through 10, for documents concerning its status as "successor in interest" to the Original Lessees; and regarding documents supporting its Second and Third Affirmative Defenses to Plaintiff's First Amended Complaint.

Hilbill has filed a Reply [ECF No. 41], arguing the requested documents are relevant, because they speak to Jacobsen's affirmative defense in which it claims it is not a successor in interest to the Original Lessees. Hilbill contends Jacobsen, by stating it has reams of documents regarding the matter, has placed the successor-of-interest matter in issue, and Hilbill argues that no documents would exist for discovery, unless Jacobsen is the successor of interest. Hilbill states it is entitled to the requested documents, to demonstrate the veracity of its allegations against Jacobsen and the absence of Jacobsen's defenses, and to show the Jacobsen's defenses are not well-founded.

On September 9, 2014, the Court conducted a hearing on Hilbill's Motion to Compel [ECF No. 43]. During the proceedings, Hilbill conceded that the document request contained in paragraph 1 of "Plaintiff's First Request for Production of Documents" is moot, as Hilbill has not

5

served Jacobsen with the referenced interrogatories. Hilbill contends, however, it is entitled to production of the documents it has requested in paragraphs 2 through 4, due to Jacobsen's litigation position that it is not a successor-in-interest to the terms of two (hereinafter referred to as "Lease 1" with AWI, and "Lease 3" with WSI) of the three Leases between Hilbill and the Original Lessees. Hilbill argues it is entitled to any relevant evidence that would lead to discovery of admissible evidence. Hilbill further contends its document requests contained in paragraphs 5 through 7 are targeted specifically to statements made by Jacobsen's legal counsel in the September 2012 letters. As to its eleventh production request (due to a typographical error, mislabeled as a second paragraph "10"), Hilbill argues it is entitled to internal documents and communications showing how Jacobsen allocated expenses regarding the Property, because such information supports Hilbill's Complaint allegations that Jacobsen operated business under Lease 3. During the hearing, Hilbill informed the Court it had served Plaintiff's Second Request for Production, requesting insurance information pertaining to the Property. Hilbill reports, however, that to date, it has received no documents responsive to any of its requests.

In response, Jacobsen, asserting Plaintiff's claim was limited to rent for the month of September, 2012, and repairs made to the property, reiterated during the proceedings its contention that the document requests were too broad, and not relevant to Plaintiff's claim. Jacobsen states it is not the originator of the Original Lessees, Plaintiff does not allege when Jacobsen became liable under the leases, and Jacobsen does not have those documents. In response to the Court's query, Jacobsen stated that it could not represent when Jacobsen became a successor-in-interest to the Original Lessees. Jacobsen further asserts its belief that its withdrawal of objections to the requests contained in paragraphs 8 through 10 "resolves" this

issue. Jacobsen contends how it allocates information internally is not relevant to whether Jacobsen paid rent for September 2012. Jacobsen claims Plaintiff's requests provide no time frame limiting the period during which repairs were made to the property, and argues a request for documents dating back to 2000 is overbroad. Jacobsen argues Plaintiffs do not need twelve years of documents pertaining to allocation of costs, expenses, personnel salaries, email communications, etc., and suggests any production be limited to the six-month period prior to lease termination.

Hilbill states it identified the seven or eight individuals that would have a footprint in emails or correspondence relevant and responsive to its requests for communications between Hilbill and Jacobsen regarding the leases. Hilbill argues Jacobsen's internal documentation of expense allocation is very important in this matter, because Jacobsen asserts, as an affirmative defense, that it is not the successor-in-interest to Lease 1 or Lease 3. Hilbill further argues the matter is not resolved by Jacobsen's withdrawal of its objections to Hilbill's requests in paragraphs 8 through 10, because the concession would yield only documents that support Jacobsen's asserted defense, and Hilbill is also entitled to receive documents that undercut Jacobsen's position.

Parties in federal court are entitled to receive relevant information that could lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents . . ..") Jacobsen's failure to to produce even one document responsive to Hilbill's requests is unreasonable. After consideration of the issues, the parties' submissions, and their arguments, the Court finds, subject

7

to certain exceptions set forth below, the relevant time period for document production is 2006 through present.  Jacobsen shall produce copies of all leases regarding the Property, into which it entered, with any entity, from 2006 to present; evidence of insurance policies pertaining to the Property that are particular to each lease or Original Lessee; real estate payments made in conjunction with the Property; construction requests, bids, invoices, or statements concerning the Property; names of companies performing construction or repairs to the Property; and documents showing allocation of costs for insurance, real estate payments, construction, repairs, and real estate taxes pertaining to the Property.  Jacobsen shall produce documents relating to its budgeting for repairs and its payment of real estate taxes that are subject to Lease 1 and Lease 3, for the time period 2006 through 2012.  The Court shall hold in abeyance Hilbill's request for an award of costs and fees incurred in securing Jacobsen's responsive productions.

During the hearing, the Court observed, given the present status, the parties will be unable to complete discovery by the present October cut-off date.  Consequently, the Court directed the parties to confer, prepare, and submit a proposed Amended CMO within two weeks of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Plaintiff's Motion to Compel Responses to its First Request for Production of Documents from Defendant" [ECF No. 38] is **GRANTED.**

**IT IS FURTHER ORDERED** that Jacobsen shall produce copies of all leases regarding the Property, into which it entered, with any entity, from 2006 to present; evidence of insurance policies pertaining to the Property that are particular to each lease or Original Lessee; real estate payments made in conjunction with the Property; construction requests, bids, invoices, or

statements concerning the Property; names of companies performing construction or repairs to the Property; and documents showing allocation of costs for insurance, real estate payments, construction, repairs, and real estate taxes pertaining to the Property. Jacobsen shall produce documents relating to its budgeting for repairs and its payment of real estate taxes that are subject to Lease 1 and Lease 3, for the time period 2006 through 2012.

**IT IS FURTHER ORDERED** that Hilbill's request for an award of costs and fees incurred in securing Jacobsen's responsive productions is **HELD in ABEYANCE**.

**IT IS FURTHER ORDERED** that the parties shall confer, prepare, and submit a proposed Amended Case Management Order to the Court, within two weeks of this Order. So Ordered this 10th day of September, 2014.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**