UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILBILL PROPERTIES, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV01663 ERW |
| | ) |
| JACOBSON COMPANIES | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Hillbill Properties, LLC's (Plaintiff) "Renewed Motion for Sanctions for Failure to Respond to Discovery" [ECF No. 47].

**I.   BACKGROUND**

On or around July 1, 2000, Plaintiff entered into three lease agreements (collectively, "Leases") for portions of its property located at 7140 North Broadway, St. Louis, MO 63147 ("Property"). The lessees of the Property were related companies Arthur Wells, Inc. ("AWI"); National Logistics, Inc. ("NLI"); and Warehouse Specialists, Inc. ("WSI") (collectively, "Original Lessees"). The Leases required Original Lessees to maintain and repair their respective portions of the Property, and to present the Property to Plaintiff in a condition similar to its condition when the Leases began. The Leases also required the Original Lessees to pay, in addition to rent, operating expenses, real estate taxes, and utilities for the Property for each month of the lease.

Subsequently, Jacobson Logistics Company, LC ("Defendant"), an Iowa Corporation, allegedly came to own or control each of the Original Lessees. It is unclear when exactly this

1

took place, but from 2006, Defendant had taken over at least some portion of the Property.

On July 31, 2013, Plaintiff filed suit against Defendant for breach of lease, requesting an award of rent and other expenses for the month of September, 2012, as well as an award for the cost of repairs which Plaintiff made to the Property. On August 23, 2013, Defendant removed the matter to federal court, based on diversity jurisdiction.

On May 20, 2014, Plaintiff made its First Request for Production of Documents Directed to Defendant [ECF No. 38 at 4-12]. Defendant responded with Defendant's Objections to Plaintiff's First Request for Production of Documents on June 23, 2014 [ECF No. 38 at 17-22]. On August 8, 2014, Plaintiff filed its Motion to Compel [ECF No. 38] and a hearing was held on September 9, 2014. On September 10, 2014, the Court granted Plaintiff's Motion to Compel and required Defendant to produce copies of all leases regarding the Property, into which it entered, with any entity, from 2006 to present; evidence of insurance policies pertaining to the Property that are particular to each lease or Original Lessee; real estate payments made in conjunction with the Property; construction requests, bids, invoices, or statements concerning the Property; names of companies performing construction or repairs to the Property; and documents showing allocation of costs for insurance, real estate payments, construction, repairs, real estate taxes pertaining to the Property; and documents relating to its budgeting for repairs and its payment of real estate taxes that are subject to Lease 1 and Lease 3, for the time period 2006 through 2012 [ECF No. 44]. Plaintiff's request for an award of costs and fees was held in abeyance.

Plaintiff filed a renewed motion for sanctions on October 13, 2014, [ECF No. 47]. On October 15, 2014, Plaintiffs requested a hold or stay on its Motion while they reviewed the documents produced by Defendant which was granted by the Court [ECF No. 49]. On October 29, 2014, Plaintiff requested the stay be lifted [ECF No. 51].

## II. LEGAL STANDARD

"In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). Striking a party's pleadings, entering a default judgment, and dismissing a lawsuit are remedies within the Court's power to address conduct that abuses the judicial process. *Id*. at 1022. Due to a strong policy favoring deciding a case on the merits and against depriving parties of their opportunity to be heard, such drastic sanctions are closely reviewed. *Id*. at 1020. "While there is no requirement for an evidentiary hearing prior to the imposition of sanctions, the power of the district court is limited by the due process clause of the Fifth Amendment." *Id*. at 1022.

## III. DISCUSSION

Plaintiff states in its Motion to Lift the Stay, the discovery produced by Defendant was insufficient to comply with the Court's order. Plaintiff received documents Plaintiff had provided to Defendant prior to the lawsuit being filed, pictures Plaintiff had taken of the property, and invoices provided by Plaintiff to Defendant prior to this lawsuit. Defendant also provided a limited number of invoices for work done during its tenancy. No documents evidencing costs and expenses for the property or any insurance policies, as required by the Court order, were provided.

Defendant's response states Defense counsel has asked Defendant to search for documents evidencing insurance coverage for production to Plaintiff as soon as possible [ECF No. 53].

The Court finds Defendant has not complied with the Court's Order on September 10, 2014. The Court orders Defendant to pay all requested attorney fees by Plaintiff, totaling

$4,300.00.  Additionally, the Court orders Defendant to show cause within ten days why its defenses should not be stricken for failure to comply with the Court's ruling on September 10, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Renewed Motion for Sanctions for Failure to Respond to Discovery" [ECF No. 47], is **GRANTED**.

So Ordered this 19th day of November, 2014.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**